## SUPREME COURT.

### SPENCER J. REED agt. WILLIAM E. MOORE.

The opinions of a majority of the court in this case are published *ante*, p. 264. This dissenting opinion of Judge MASON was not received in time for publication with the others

MASON, J. *dissenting :* The plaintiff in this case recovered a judgment on the 8th of February, 1865, against the defendant, before a justice of the peace of Broome county for $89 damages and $3.88 costs.

The defendant appealed to the county court of said county, and specified in his notice of appeal the following grounds of error and particulars wherein he claimed the judgment should have been more favorable to him :

*First.* That the justice erred in refusing to nonsuit the plaintiff on the defendant's motion.

*Second.* That the judgment was rendered against the law of the case.

*Third.* That the judgment was rendered against the evidence.

*Fourth.* That the judgment should have been for the defendant and not for the plaintiff.

*Fifth.* That the facts proven on the trial are not sufficient to constitute a cause of action against the defendant.

*Sixth.* That the judgment of the justice should have been made more favorable to the defendant in these particulars, viz :

1. That the justice allowed the plaintiff for 103 days for keeping the defendant's horse, at $1 per day, and deducting therefrom 14 days' absence of horse, making the sum of $89, when in truth and fact he should have allowed the plaintiff only $75, being the amount claimed in the complaint for keeping said horse for 15 weeks at $5 per week, making a difference in the damages of $14 ; which sum of $14 this defendant claims should be deducted from the amount of said judg-

ment, and the judgment made more *favorable thereby* to the defendant.

2. That the justice rendered judgment for the plaintiff for $89, when in truth and in fact he should have allowed only $78.70, making a difference of $10.30; which sum of $10.30 the defendant claims should be deducted from said judgment and made more favorable to defendant.

The plaintiff within the fifteen days allowed by section 371 of the Code, served upon the defendant and the justice an offer in writing, authorizing the judgment to be reduced to the sum of $75. This offer was not accepted by the defendant, and the cause proceeded to trial in the county court, and the plaintiff recovered a verdict against the defendant for $70 only; and the plaintiff procured his costs to be taxed, and entered a judgment for the $70, the amount of the verdict and also the costs of the suit; and which, on the defendant's motion, was set aside in the county court; that court holding that the plaintiff was not entitled to costs, but that the defendant was; and he ordered that the defendant's costs of the suit be set off against the plaintiff's verdict, and judgment entered for the plaintiff for the balance only, and from this order the plaintiff has appealed to this court.

The case of *Wynkoop* agt. *Halbut* (43 *Barb. R.* 266), decided by us, holds that the plaintiff was not under any obligation in this case to make an offer under the first five specifications of defendant's notice of appeal to give up his judgment entirely, and authorize a judgment to be entered for the defendant, when the trial on appeal showed that he was at least entitled to judgment in damages against the defendant for $70; and I will content myself by referring to the reasons assigned in that case as controlling this. The argument was there made as in this case, that the appellant obtained a more favorable judgment, and therefore, within the very letter of the statute, the appellant was entitled to costs. But we held that the true rule of construction required us to look beyond the mere letter of the statute, and when the intention of the framers of the statute should be ascertained,

it must be followed, although such construction seemed contrary to the letter of the statute, upon the principle that " a thing that is within the letter of a statute is not within the statute unless it be also within the intention of the law makers. (*Wynkoop* agt. *Halbut*, 43 *Barb. R.* 267, 268 ; 15 *J. R.* 380 ; *Smith on Statute Construction*, 820.)

The only remaining question in the case is whether the offer of the plaintiff to allow the judgment to be reduced to $75, saves this respondent from costs, and entitles him to costs on this appeal. The 371st section of the Code declares that in the notice of appeal the appellant shall state in what particulars he claims the judgment should have been more favorable to him, and that within fifteen days after service of the notice of appeal, the respondent may serve upon the appellant and justice an offer in writing to allow the judgment to be corrected in any of the particulars mentioned in the notice of appeal; and the section then declares that the appellant may file an acceptance of this offer within five days, and that the justice shall then correct the judgment accordingly, &c.

The statute then declares that if such offer be not made and the judgment in the county court be made more favorable to the appellant than the judgment in the court below, or if such offer be made and not accepted, and the judgment be more favorable to the appellant than the offer of the respondent, the appellant shall recover costs. The statute further declares that the respondent shall be entitled to costs where the appellant is not. This statute requires the appellant to state in his notice of appeal in what particulars he claims the judgment should have been more favorable to him ; and the statute expressly restricts the right of the respondent to make his offer to allow the judgment to be corrected, to the particulars mentioned in the notice of appeal. The respondent in this case made his offer to reduce the judgment to the very smallest sum claimed in the notice of appeal, and in the very particulars claimed in the notice of appeal. He has made the offer in writing to allow the judgment to be corrected in the very particular mentioned

in the notice of appeal. He has done all the law requires or allowed him to do by way of reducing the judgment. The only offer he could make was to have it reduced in the particular stated in the notice of appeal, and the law is not so. unreasonable as to require him to do more, and no construction should be put upon this statute which will impose costs upon him under such circumstances. Such injustice never could have been intended by the framers of this statute.

The order appealed from should be reversed, with ten dollars to the appellant, and the judgment be permitted to stand, but the costs must be readjusted on the usual notice to the defendant.